■ In the Matter of PETER MONELLA, Petitioner, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.— Determination of respondent Waterfront Commission made May 27, 1971, unanimously modified, in the interest of justice and the exercise of discretion, to reinstate petitioner as a checker sixty days after the effective date of his suspension, and otherwise confirmed, without costs and without disbursements. There was ample evidence to support the finding that petitioner had falsely claimed to have been present on the morning of September 24, 1970, during the greater part of the period of attendance required for him to have been entitled to receive payment pursuant to respondent's "decasualization" program. The evidence is not clear

that the absence was for the purpose of employment elsewhere or for a self-afforded coffee-break. The dereliction may be considered important only in that it may tend to sabotage the structure established for equitable operation of respondent's program, designed to stabilize employees' wages and employment; by reason thereof, respondent considers him not eligible to be continued in the trusted post of checker (Waterfront Commission Act, § 5-n, subd. 3, par. [a]; L. 1953, ch. 882, as amd. by L. 1957, ch. 188). It is understood that imposition of the sanction of suspension may well deter others from similar breaches of trust. However, the incident, at least on the record before us, was an isolated one, in a history of 18 years of employment and we see no justification for imposing upon petitioner the extreme penalty of being completely deprived of this position, and being relegated only to the possibility that he may be reinstated solely as a longshoreman after completing a period of suspension. In the circumstances disclosed, a lesser penalty will more than suffice, both as deterrent and punishment, and ample authority exists for simple suspension as that penalty (see § 5-n, subd. 5, par. [b]). The beginning of the period of suspension having been stayed, the effective date of commencement thereof will be set forth in the order to be settled hereon. Settle order on notice. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.